## RIDGELY v. CONEWAGO IRON CO.

(Circuit Court, E. D. Pennsylvania. January 31, 1893.)

### No. 22.

MINES AND MINING—LEASE—CONSTRUCTION—ROYALTY.

    A mining lease requiring the lessee to mine 4,000 tons of ore annually, and to pay therefor a fixed sum per ton, or, failing to take out such quantity, to pay therefor, imposes no obligation on the lessee to pay for such stipulated quantity after the ore in the demised premises has become exhausted.

At Law. Action by Margaretta S. Ridgely against the Conewago Iron Company for breach of a mining lease. Rule for judgment for want of a sufficient affidavit of defense. Discharged.

S. S. Hollingsworth and Henry N. Paul, for rule.
H. M. North, for defendant.

DALLAS, Circuit Judge. This action is brought by the lessor against the lessee, upon a lease under seal, dated December 24, 1885, of "the exclusive right to mine iron ore" on a tract of land in the state of Maryland for the term of ten years. The lease contains this covenant:

"The party of the second part [the lessee] agrees to pay fifty-five cents per ton for every ton of 2,240 pounds of iron ore mined and taken away under this lease, accounts to be rendered and payments to be made monthly, on the 15th day of each month; and the party of the second part agrees and guaranties to take out at least 4,000 tons per year, or, failing to take out that quantity, to pay for the same, with the understanding, however, that if, in any one year, the party of the second part shall have paid for more ore than it has taken out during that year, it shall have the privilege of making up the amount in any subsequent year of this lease."

The breach assigned is that, during the five years last past, the defendant has failed to take out and pay for at least 4,000 tons of iron ore per year. The affidavit admits this, but avers that the defendant has taken out and paid for all the ore which was in the demised premises, and that by reason of its exhaustion it has not been possible, during the said five years, to take out any greater quantity than has in fact been taken out and fully paid for.

Mining leases commonly include, in addition to the usual undertaking to pay for what may be actually mined, a covenant that some fixed or ascertainable sum, at least, shall be annually paid. These covenants are not all the same, or to the same effect. They may be divided into two classes: First, those which require the payment of rent irrespective of produce; second, those which require that, upon failure to take out a stipulated quantity, royalty with respect thereto shall nevertheless be paid. Where the covenant is of the first class the tenant is liable for the rent, even if nothing could be got by mining. Marquis of Bute v. Thompson, 13 Mees. & W. 487; Phillips v. Jones, 9 Sim. 519; Jervis v. Tomkinson, 1 Hurl. & N. 195; Bamford v. Lehigh Co., 33 Fed. Rep. 677. Where the covenant is of the second class his obligation is to pay for the stipulated quantity,

whether mined or not; not whether it exists or not. He contracts for promptitude and thoroughness in mining; not for the productiveness of the mine. Lord Clifford v. Watts, L. R. 5 C. P. 577; Muhlenberg v. Henning, 116 Pa. St. 138, 9 Atl. Rep. 144. This covenant is of the second class. The rule for judgment is discharged.