## HENDON et al. v. DE BARDELEBEN COAL CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
February 7, 1929.

No. 5370.

J. J. Curtis, of Jasper, Ala. (W. C. Davis, of Jasper, Ala., on the brief), for appellants.

J. H. Bankhead, Jr., of Birmingham, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants leased certain coal bearing land; for the purpose of mining and removing all coal therefrom for 20 years from January 1, 1910, or until "all coal under such lands shall have been mined." The lessees agreed to pay the lessors a royalty of 8 cents per ton for all merchantable coal actually mined, and for a minimum of 2,500 tons per month, after the first year, whether mined or not.

The lease was assignable and coal was mined upon the land by the original lessees or their assignees, and the royalties were paid up, until May 20, 1920. On June 22, 1923, the De Bardeleben Coal Corporation, appellee, purchased the lease along with a number of others, but has not mined any coal upon the land covered by it, nor paid any royalty.

This suit was brought by appellants to recover a minimum royalty for the period during which appellee has owned the lease. The defense was that the coal under appellants' land was exhausted at the time appellee acquired its lease. There was a verdict and judgment for appellee. Appellants excepted to, and assign as error, a charge of the trial court to the effect that appellee was not liable if it was unable to mine at a reasonable profit any coal that remained under the land of appellants.

■■■ It is the contention of appellants that appellee was liable, because there was still coal under the land. The lease sued on does not provide for rent to be paid absolutely and in any event, but requires the payment of royalty for failure to.remove coal that is capable of being mined. This is an Alabama contract, and rights under it should be considered in the light of decisions of the highest court of that state. In the very similar case of Gaines v. Va. & Ala. Coal Co., 124 Ala. 394, 27 So. 477, the Supreme Court of Alabama held that a mining operator could not be required to assume unreasonable expense wholly out of proportion to the profits that might reasonably be expected; and that appears to be the general rule applied to this kind of lease. Ridgely v. Conewago Iron Co. (C. C.) 53 F. 988, and cases there cited. Bruce Coal Co. v. Bibby, 201 Ala. 121, 77 So. 545, relied on by appellants, appears not to be in conflict with the Gaines Case, but rather to announce the same rule. It was there held that the coal had not been exhausted, but it was recognized that coal was exhausted in a practical sense when it could not be mined at a profit.

The judgment is affirmed.